1
2
3      UNITED STATES DISTRICT COURT
4      DISTRICT OF NEVADA
5      * * *
6  DEVON COOPER,                           Case No. 3:20-cv-00051-LRH-CLB
7                              Petitioner,           ORDER
8        v.
   WILLIAM GITTERE, et al.,
9
                               Respondents.
10

11          This is Devon Cooper's *pro se* petition for writ of habeas corpus pursuant to 28

12  U.S.C. § 2254.[1]  The court has reviewed the petition pursuant to Habeas Rule 4, and it

13  will be served on respondents.

14          A petition for federal habeas corpus should include all claims for relief of which

15  petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be

16  forever barred from seeking federal habeas relief upon that claim.  *See* 28 U.S.C.

17  §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his

18  petition, he should notify the court of that as soon as possible, perhaps by means of a

19  motion to amend his petition to add the claim.

20          **IT IS THEREFORE ORDERED** that the Clerk electronically serve the petition

21  (ECF No. 5) on the respondents.

22          **IT IS FURTHER ORDERED** that the Clerk shall add Aaron D. Ford, Nevada

23  Attorney General, as counsel for respondents.

24          **IT IS FURTHER ORDERED** that respondents shall file a response to the petition,

25  including potentially by motion to dismiss, within **90 days** of the date of service of the

26  petition, with any requests for relief by petitioner by motion otherwise being subject to

27

28  _____
    [1] Cooper subsequently submitted a second petition, which was assigned Case No. 3:20-cv-00202-MMD-CLB.  That second action has been consolidated with this case (*see* ECF No. 6).

1

the normal briefing schedule under the local rules.  Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number of the exhibit in the attachment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS FURTHER ORDERED** that the parties shall send courtesy copies of **all pleadings and indices of exhibits only** in this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label.  Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

DATED this 13th day of May, 2020.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE